UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL MALLOY,

    Plaintiff,                                         Case No. 2:23-cv-11014

v.                                                   Hon. Mark A. Goldsmith

J. SCHLEY,

    Defendant.

_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

This is a pro se prisoner civil rights case involving claims under 42 U.S.C. § 1983. Darnell Malloy is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Malloy sues J. Schley, the facility's Classification Director. Malloy claims that Schley wrongfully removed him from a prison work assignment and put him on a school assignment, depriving him of income. For the reasons that follow, the Court summarily dismisses the complaint because Malloy fails to state a claim against Schley.

**I. BACKGROUND**

Malloy asserts that Schley violated his Fourteenth Amendment due process rights, his right to equal protection, and the Americans with Disabilities Act (ADA). As alleged by Malloy, Schley did not permit Malloy "to have work assignment that pays enough for . . . health necessit[ie]s. J. Schley said he removed [Malloy] from [his] work assignment because [Malloy has] a school assignment for which [he] do[es] not ask to be paid, which does not pay enough to buy health necessities nor allow me to be indigent." Dkt. 1 at PageID.4. On this allegation, Malloy requests to be placed "back on [his] wheelchair pusher assignment." Id. Malloy further asserts that he is being treated differently than similarly situated prisoners, that he has a learning disability, and that

Schley's actions constitute a "hate crime." Id. at PageID.3. Malloy seeks $40,000 in damages and court costs and fees. Id. at PageID.7

## II. ANALYSIS

Malloy has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence (Dkt. 5). Under the Prison Litigation Reform Act (PLRA), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155–156 (1978). A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520–521 (1972).

The complaint fails to state a claim. With respect to Malloy's due process claim, "[t]he Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." Bazzetta v. McGinnis, 430 F.3d 795, 801 (6th Cir. 2005). To establish a procedural due process violation, a plaintiff must show that one of these interests is at stake.

Wilkinson v. Austin, 545 U.S. 209, 221 (2005). This analysis involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citations omitted).

Malloy's claim fails at the first step. "[N]o prisoner has a constitutional right to a particular job or to any job." Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987); see also Argue v. Hofmeyer, 80 F. App'x 427, 429 (6th Cir. 2003) (explaining that prisoners have no constitutional right to rehabilitation, education, or jobs); Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989) (holding that there is no constitutional right to prison employment). Similarly, prisoners do not have a property right to wages for work performed while incarcerated. See Carter v. Tucker, 69 F. App'x 678, 680 (6th Cir. 2003). Schley's decision to assign Malloy to school instead of his preferred job and the resultant loss of income do not trigger his right to procedural due process.

With respect to Malloy's equal protection claim, the Equal Protection Clause generally provides protection against disparate treatment by the government against a member of a "suspect class" or that invades a "fundamental right." See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439–440 (1985). Given his status as an incarcerated person, Malloy is not a member of a suspect class. Hadix v. Johnson, 230 F.3d 840, 843 (6th Cir. 2000); Mader v. Sanders, 67 F. App'x 869, 871 (6th Cir. 2003). Malloy also cannot claim that any unequal treatment he received from Schley implicated a fundamental right as he does not have a fundamental right to a particular job or any job while in prison. Ivey, 832 F.2d at 955.

Malloy's claim is best interpreted as a "class of one" claim "where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564

3

(2000). Such claims, however, have not been recognized as cognizable in the context of prison employment. See Davis v. Prison Health Servs., 679 F.3d 433, 442 (6th Cir. 2012); Carter v. Mich. Dep't of Corr., No. 1:13-cv-37, 2013 WL 3270909, at *13 (W.D. Mich. Jun. 27, 2013) (explaining that whether a prisoner is entitled to work in a particular prison job is the sort of discretionary decision insulated from "class-of-one" analysis.)

Finally, with respect to his ADA claim, the denial of "an appropriate prison job does not fall within the general employment discrimination provisions set forth in Title I of the ADA." Cox v. Jackson, 579 F. Supp. 2d 831 (E.D. Mich. 2008). And any individual capacity claim that Malloy asserts against Schley fails for the additional reason that "the ADA does not provide for personal liability for defendants sued in their individual capacities." Williams v. McLemore, 247 F. App'x 1, 8 (6th Cir. 2007).

### III. CONCLUSION

For the reasons stated above, because Malloy fails to state a claim against Schley, the case is summarily dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and 42 U.S.C. § 1997e(c).

SO ORDERED.

Dated: November 7, 2023　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge